IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.B., et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) 2:16-cv-599 |
| v. | ) |
| | ) |
| DAVID BEREGI, | ) |
| | ) |
| Defendant. | ) |

## OPINION

**Mark R. Hornak, United States District Judge**

This case alleges two claims, one under federal law asserted via 42 U.S.C. § 1983 and the other under Pennsylvania law consistent with the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Both claims arise from an incident involving a broken arm sustained by minor Plaintiff G.J., a sixth-grade special needs student in the Brownsville (PA) School District. The Defendant was one of his teachers.

In the federal claim, the Plaintiffs[1] assert that the Defendant violated the student's substantive Fourteenth Amendment Due Process right to be free from a violation of the student's bodily integrity. The state law claim is for common law assault and battery. Discovery concluded, the Defendant moved for summary judgment on all claims, the issues were fully briefed, oral argument was held, and the matter is ripe for disposition. For the reasons which follow, summary judgment is granted in favor of the Defendant on the federal claim in the case, and the state law claim will be dismissed without prejudice to its being pursued by Plaintiffs in state court.

---

[1] The other Plaintiff, A.B., is the parent and legal guardian of G.J. She sues individually and in her parental capacity. G.J. sues in his own right. They each claim money damages from the Defendant for physical and emotional harm to G.J. and for medical bills and out-of-pocket expenses.

The standard for considering a summary judgment motion is set out in Fed. R. Civ. P. 56 and the attendant caselaw, familiar to all. Granting such a motion is proper only when there is no issue of material fact on a dispositive issue and the moving party is entitled to judgment in its favor as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Wiest v. Tyco Elecs. Corp.*, 812 F.3d 319, 328 (3d Cir. 2016). The nonmoving party gets the benefit of all reasonable inferences in its favor, and the Court does not make credibility determinations in ruling on the motion.

Here is what the record before the Court demonstrates. G.J. broke his arm in the Defendant's classroom during class time when he fell backward. The Defendant took the deposition of about a half-dozen of G.J.'s fellow students, all of whom testified that G.J. fell, essentially over his own feet, when he tried to kick the Defendant. According to those witnesses, G.J. in essence "whiffed" with his kick, his feet went out from under him, and down he went, breaking his arm. ECF Nos. 34-6, at 3; 34-7, at 3; 34-8, at 3; 34-9, at 3; 34-10, at 4; 34-11, at 4. The third-party witness testimony is essentially uniform in those regards. No third-party witness testimony materially to the contrary has been submitted to the record.[2]

Of course, as noted above, the Court has to give the Plaintiffs the benefit of all reasonable inferences from the record evidence, and this Court cannot make credibility determinations at this juncture. So we have to give the benefit to the testimony of G.J. himself. ECF No. 34-13. G.J. admits that during class he started acting up by pushing classroom chairs over. *Id.* at 3. The Defendant told G.J. to "quit messing around," *id.* at 4, and G.J. repeatedly told the Defendant that he would not. *Id.* at 4. The Defendant told G.J. to "sit down" and moved toward G.J., *id.* at

---

[2] Plaintiffs point to an unauthenticated "screen shot" from a cell phone as evidence that one student saw Defendant push G.J. to the ground. ECF No. 38-5 at 2. Apart from the fact that even G.J. does not say that happened, that "screen shot" comes to the record with no indicia of reliability, and in complete non-compliance with Fed. R. Civ. P. 56(c)(4).

5, and G.J. dashed away from the Defendant, knocking yet another chair over. *Id.* at 5. The Defendant was visibly angry with the Plaintiff's conduct, *id.* at 4, and told G.J. that he would be "written up" for his behavior. *Id.* at 5. Thereafter, G.J. says that he and the Defendant began punching at one another in a "playful" manner, but with G.J. hitting the Defendant in the chest at least once "kind of hard." *Id.* at 6. G.J. also admits that he kicked the Defendant several times, at least once hard enough that the Defendant showed visible pain and grabbed at his own leg. *Id.* at 8. G.J. says that as he was moving away from the Defendant in an effort to leave the classroom (during the class), *id.* at 9, the Defendant intentionally moved his leg toward G.J., tripping G.J.,[3] which knocked G.J. to the ground, hard enough that his arm was broken. *Id.* at 9.

The Court has the benefit of very recent Third Circuit precedential caselaw directly addressing these issues. To make out the federal claim the Plaintiffs assert here, a four (4) factor test must be met: First, was there a pedagogical justification for the use of force by the teacher? Second, was the force utilized excessive to meet the legitimate objective in this situation? Third, was the force applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm? Fourth, was there a serious injury? *Betz v. Satteson*, No. 17-1950, 2017 WL 5495632, at *2–3 (3d Cir. Nov. 16, 2017). The third factor is dispositive: a constitutional violation will be found only where a defendant's actions were malicious and sadistic. *Id.* at *3. Further, there has to be an intention to cause harm, and serious harm at that. At summary judgment, the question is whether a reasonable jury could rationally find that the defendant's action met that high standard of intentionality such that the challenged

---

[3] Plaintiffs' only argument based on the Defendant's testimony is that in a written report, the Defendant said his feet and those of G.J. got tangled up, but later testified that G.J. fell backward when G.J. tried to kick the Defendant but missed. G.J. says that this variance makes the Defendant out to be a liar. ECF No. 38, at 5. In the Court's estimation, this does not create a material factual dispute. Why? If factually what happened was a foot entanglement at the crescendo of G.J.'s classroom conduct, there is simply no "intent to cause serious harm" by the Defendant and the federal claim fails for that reason. Same result if it was a "swing and a miss" by G.J. But more importantly, as noted below, even if both versions are rejected and it is G.J.'s version involving intentional foot movement by the Defendant that is considered, the necessary elements of the federal claim remain unfulfilled.

3

conduct shocks the conscience. *Id.*; *see also Gottlieb ex rel. Calabria v. Laurel Highlands Sch. Dist.*, 272 F.3d 168, 172 (3d Cir. 2001).

The Court has no trouble concluding that the Plaintiff's injury, a broken arm, could be considered to be "serious." But as to the other *Betz* factors, particularly the "intentionality" standard, the Court concludes that there is no triable issue here. There is no record evidence advanced by G.J. of any prior "bad blood" between G.J. and the Defendant,[4] so there is no basis to conclude that the episode in question was the end point of some extended or pre-existing effort by the Defendant to "get" G.J. To the contrary, based on G.J.'s own testimony, it was the culmination of his own classroom misconduct and his efforts to elude the Defendant. Second, G.J.'s own testimony establishes that in the moments leading up to his landing on his arm, he had physically misbehaved in the classroom during class time, he knocked several chairs over, he at least twice directly refused to obey the Defendant's command to "stop messing around," he ran away from the Defendant as the Defendant sought to contain him in the classroom, he punched the Defendant in the chest at least once "kind of hard," and he kicked the Defendant at least twice, causing visible physical pain to the Defendant. Then, as the Plaintiff was attempting to bolt from the classroom mid-class, the Defendant's leg slid into the Plaintiff's feet, and the Plaintiff fell to the ground.

Even ignoring all of the testimony from all of the third-party witnesses and from the Defendant,[5] all of which overwhelmingly cuts squarely against the Plaintiffs, and considering only G.J.'s recitation of what happened in the moments before he hit the ground, the Court

---

[4] G.J. testified that up until this episode, Defendant was his favorite teacher. ECF No. 38-4 at 2.

[5] Plaintiffs spent most of their briefing attacking the Defendant's credibility and that of the other students, but for the reasons noted, the Court need not rely on their credibility. ECF No. 38, at 4–5. Further, the Plaintiffs' proffered evidence of prior reprimands of Defendant for his conduct toward other students (none involving physical violence), and Plaintiff A.B.'s assessment of Defendant's reputation based on her being a student at the school years ago, appears to be offered exactly for the "propensity" purposes expressly prohibited by Fed. R. Evid. 404(b).

4

concludes that there is no genuine issue of material fact that the contact between G.J. and the Defendant occurred right in the midst of the Defendant attempting to secure the classroom and G.J.'s conduct, certainly a pedagogical justification for the asserted physical contact. But beyond that, the Court concludes that no reasonable jury could conclude that the conduct as described by G.J. in the context described by G.J. was intended by the Defendant to cause serious harm to G.J., and no reasonable jury could conclude that the Defendant's actions were malicious and sadistic and "shocking to the conscience." At best, in the hurly burly of G.J.'s classroom antics, all instigated by G.J., the Defendant's leg intentionally hit G.J.'s leg as G.J. was bolting from the classroom. Poor judgment, maybe; malicious and sadistic and "conscience shocking," no.[6] Given the entire episode as described by G.J. himself, Defendant's conduct could not rationally and reasonably be found to meet the necessary level of malicious and sadistic "intentionality" required by *Betz*, and summary judgment must be granted in favor of Defendant on the Plaintiffs' federal claim.[7]

---

[6] The cases from around the Circuits set a very rigorous test to make out a viable claim in this context. For instance, choking a student to the point of the loss of consciousness, *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246 (2d Cir. 2001); *Metzger v. Osbeck*, 841 F.2d 518, 519–20; or knocking a student's eye out with a metal weight, *Neal ex rel. Neal v. Fulton Cty. Bd. of Educ.*, 229 F.3d 1069, 1073 (11th Cir. 2000). And in *Betz*, the student suffered head injuries when the teacher-defendant stepped out of a doorway and intentionally stuck her arm out in front of the student-plaintiff who attempted to duck under it, collided with the teacher, and fell hard. In *Betz*, summary judgment was entered against the student-plaintiff and affirmed on appeal. 2017 WL 5495632, at *1; *see also Moeck v. Pleasant Valley Sch. Dist.*, No. 3:13-cv-1305, 2016 WL 1535866, at *3, *7 (M.D. Pa. Apr. 15, 2016) (federal claims dismissed where teacher called a ninth grader sexually derogatory names, slammed the student's body into a padded wall, then lifted him by the shirt, causing the student's head to hit a cinder block wall). By citing to these cases, this Court does not imply that the conduct involved in any of them was at all appropriate, but cites them only to illustrate the very high bar involved in assessing these claims. And, importantly in this case in our Circuit, if one were to substitute "a teacher intentionally sticking a leg out in the path of a fast moving student" for "a teacher intentionally sticking an arm out in the path of a fast moving student" in highly similar circumstances, this case and *Betz* nearly perfectly overlap as to the conduct involved. *Betz* controls the outcome here.

[7] Given that the same constitutional violation is asserted as the predicate of the federal claim of each Plaintiff, this disposition resolves that claim as to both of them.

5

As to the remaining state law claim, there is no independent basis for the exercise of federal jurisdiction over it. Pursuant to 28 U.S.C. 1367(c)(3), it is therefore proper for this court to dismiss that claim without prejudice for want of federal jurisdiction.

An appropriate Order will enter.

Mark R. Hornak
United States District Judge

Dated: November 30, 2017

cc: All counsel of record